Your Honors, may it please the Court, my name is Holly Cooper, and along with Ms. Carolyn Hsu, I represent the appellant, Mr. Flores-Torres. Your Honors, I will address the issue of jurisdiction as it pertains to the REAL ID Act, and Ms. Hsu will address the scope of her view, as well as the merits of the habeas petition. Beginning with jurisdiction, Your Honors, the government contends that no jurisdiction exists for a United States citizen in immigration custody to file a petition for rid of habeas corpus to challenge the legality of their confinement. The rationale espoused by the government is that because the citizenship inquiry is central to both the habeas and removal proceedings, that habeas jurisdiction cannot exist after the REAL ID Act amendments to 8 U.S.C. section 1252. Would I ask you a preliminary question? Yes, Your Honor. The immigration judge recently rejected Torres' citizenship claim, and pursuant to this Court's decision, Encasas Castrillon did conduct an individualized bond hearing, at which he found Torres to be a danger and a flight risk. Do you agree that these actions render your non-jurisdictional claims moot? Or can you make an argument for why this panel should still consider them? Thank you, Your Honor. It is Appellant's position that the hearing held in immigration court pursuant to Encasas Castrillon does not render this appeal moot for the following reasons. First, under Encasas Castrillon, the preliminary jurisdictional issue exists that the immigration judge has jurisdiction over aliens, must have jurisdiction over aliens to conduct a bond hearing. That preliminary jurisdictional question and issue has never been resolved by the immigration court, and that is whether the court has properly exercised jurisdiction as a United States citizen. Looking to the government's interpretation of the REAL ID Act amendments as it pertains to jurisdiction, their interpretation immediately implicates the Constitution, namely the suspension clause, as well as equal protection rights under the Fifth Amendment. However, this Court may easily avoid such unconstitutional interpretation by looking at the plain language of the REAL ID Act amendments as well as legislative history and case law interpreting those amendments. Your Honors, looking to the plain language of the REAL ID Act amendments, the plain language limits habeas corpus only as it pertains to challenges of removal orders. In INS St. Cyr v. INS, the Supreme Court required that where Congress intends to eliminate the right of writ of habeas corpus, it must do so explicitly. There is nothing explicit in the REAL ID Act amendments that eliminates the right of writ of habeas corpus to challenge the legality of confinement. Second, look, the legislative history underscores this understanding. When the legislator made clear that habeas still existed to challenge the legality of the conditions of confinement as well as confinement itself. Moreover, in Casas Castrillon, this Court's recent decision stated that the REAL ID Act amendments did nothing to affect the right of writ of habeas corpus to challenge the legality of confinement. Your Honors, with that, I would like to pass the argument to my student, Ms. Carolyn Hsu. Thank you. Hsu, for the appellant. I will address the following. One, that individuals with culpable claims of citizenship fall within the protections of the Non-Detention Act. Two, appellant has never been afforded an adequate custody review. And three, the Non-Detention Act and due process demand more robust procedural protections before executive detention can commence. Could you speak a little more slowly? Yes, Your Honor. And a little bit louder. We've only got a lot of folks, and we've only given them 10 minutes. In response to the mass incarceration of Japanese-Americans during World War II, the Non-Detention Act was enacted in order to protect United States citizens from the arbitrary executive detention of any kind. The Non-Detention Act states that no citizen shall be imprisoned or otherwise detained. I don't understand why we have to reach that. Is there any contention that the United States citizens can be treated as ex-citizens or aliens or can be subjected to the jurisdiction of the INS? The under the INA, there is no authority to detain U.S. citizens. There's only authority to detain aliens. Furthermore, the Non-Detention Act implies in that the canon of constitutional avoidance requires that a statute be interpreted so as to avoid serious doubts as to the constitutionality of an alternative interpretation. And here, if the Non-Detention Act were determined to not apply to the appellant, it could potentially lead to the erroneous deprivation of his rights. Okay. I guess I'm just missing something. I thought the whole issue here was that you want him to be determined to be a citizen. Isn't that the only question before us? He's claiming he's a citizen? Yes, Your Honor. He's claiming he's a citizen. Is anyone claiming that if he's not a citizen? The government is claiming that he's not a citizen and therefore. Yes, but I'm, all right. Okay, I guess I. And the question that the appellant here is presenting is that whether or not the government has the authority to detain him while his removal proceedings are ongoing. Yes, I understand that. All right. Contrary to the district court's finding, appellant's removal hearing was not sufficient to determine whether or not the government had the authority to hold him in custody while his removal proceedings were ongoing. The Constitution requires an expeditious custody determination, and currently appellant is entering his 25th month of custody without any such adequate finding. Furthermore, as I will elaborate upon in a moment. Now, let me make sure I understand this. The thing that makes the administrative proceedings inadequate in this case is what, precisely? The administrative, the administrative proceedings are inadequate for a number of reasons. One, the, one, section 1252b-5 already allowed for the collateral review of an administrative agency's determination. Thus, appellant will ultimately receive de novo judicial review over this matter regardless. And requiring, to require administrative exhaustion would endorse years of de facto detention, as well as implicitly eliminate the right without the explicit offer. Sotomayor, is your position that, is it simply that he can't be detained during the administrative proceedings? Yes, Your Honor. Because he has a colorable claim of citizenship? Yes, Your Honor. And in, and this Court in Rivera v. Ashcroft, as well as Mignasin v. Gonzales, found that when an individual asserts a, a non-frivolous claim of citizenship, that gives way to specialized procedures. And, and, and that vote, that argument can't be raised effectively in the administrative proceedings. No, Your Honor. It, because under, in Ng Fung Ho, the Supreme Court found that when an individual asserts a claim of citizenship, the executive authority over that individual is a question of jurisdictional fact. As the, the INA only provides authority to detain aliens, so a custody determination must be made before an Article III court, as the Supreme Court has cautioned time and again against the limited nature of executive detention power. Particularly where the fundamental rights and liberties are at stake, Congress cannot bar judicial review altogether. Judicial review should be provided once an individual puts forward a non-frivolous claim to citizenship. The current Joseph scheme is unconstitutional in that the Supreme Court rejected laws that place the burden on the individual to protect his own fundamental rights. Thus, the burden should shift to the government to prove alienage by clear, unequivocal and convincing evidence. In Schneiderman v. United States, the Supreme Court found that the standard of clear, unequivocal and convincing evidence is required before one can be divested of their citizenship rights. And here, de facto detention would divest the valent of his liberty rights. If the government is not able to meet its burden, then the individual must be released while his removal proceedings are ongoing. And at this time, I'd like to reserve my remaining time for rebuttal. May it please the Court. Good morning, Your Honors. My name is Melanie Proctor, Assistant United States Attorney, on behalf of the Attorney General and the other Federal Respondents of Police. Your Honors, this case concerns a criminal alien who has been provided multiple opportunities to establish his claim, and each time he has failed. Yes, Your Honor, that is precisely the case. Whether he's an alien. He has been provided multiple opportunities to establish his claim, and each time he has failed. Well, what – in court? Yes, in immigration court. No, no. In Article III court? There is no such requirement that he be provided a hearing in Article III court. In the Constitution. I mean, if the government picks somebody up and puts him in jail, isn't he entitled to a judicial hearing? The statutory scheme set forth in the Immigration and Nationality Act provides that a person who is put in immigration custody will receive a hearing to determine the fundamental element of removability, whether he is an alien. It says that an alien does. It's – the Act does not strip citizens of their rights to judicial hearings. We've already decided that. That is correct, Your Honor. However, Flores Torres is not a United States citizen. Well, that's the issue. He says he's a citizen, and he says, you have no jurisdiction over me. You're holding me. The government is holding me. And the INS has no jurisdiction over me. And he wants to go to court and say I can't be held under the Constitution because I'm a citizen. And that is a claim that many aliens would raise, and they do raise. Whether many raise it or he raises it, it's the same legal question. He's entitled to habeas corpus unless there's some reason the Congress has suspended his right to habeas corpus or provided an alternative remedy that is constitutional. Yes, Your Honor. And this Court in Iossou v. Chertoff found that the Real ID Act was on its face constitutional because it did provide an adequate remedy. But this Court has said that that does – the Real ID Act doesn't affect a citizen and doesn't take away your right. It doesn't limit your habeas jurisdiction. Unless there's a final order of removal. And you, in your brief, have stated there is no final order of removal. Therefore, our Ninth Circuit cases have said he has a habeas right to go to district court. What is your response to that? Your Honor, this – the problem with his claim is that this question cannot be distinguished from the issue of removability. There is a habeas right to challenge detention. Why can't it be distinguished? Because it's a fundamental element of removability. To hold somebody in detention before you decide whether he's a citizen or not? Your Honor, this case has been before two immigration judges, and on three occasions the immigration judges have reviewed the facts of his case and determined that his claim lacks merit. First, his father legitimated him. So he's – even though he was born out of wedlock – And we're getting to the merits. We're getting to the question of – of jurisdiction. Yes, Your Honor. I just wanted to reassure the Court this is not a frivolous proceeding by the government. Frivolous or not frivolous, the question is whether habeas – whether the Court has habeas jurisdiction, that you can say to the district court when a habeas petition is filed, this is frivolous, and get it dismissed immediately if it's frivolous. As I understand this case, I'm really getting confused. He says in his brief he does not seek review of his nationality claim as it relates to his removability, but rather challenges the legality of his custody as an individual with a colorable claim. So he's saying he can't be detained. Is that – is that right? That's the way I understand he has framed his question. However, there is simply no way for a district court to make a determination that, yes, he has – he is a citizen and should be released from custody without that impacting the removal proceeding. Mr. Flores-Torres, within – Well, that's another question. What is the effect of a district court ruling on citizenship on the – on the board's – the BIA's right or the INS's right or ICE's right or Homeland Security's hard to keep up with all this, and their right to detain him. I mean, their right to have their proceedings against him. That's a problem you can worry about after the habeas proceeding. But as Judge Schroeder asked, we're only talking about whether you can keep him incarcerated till you make a final decision about whether he is a citizen. Well, his position, as I understand it, is that – that all he needs is a tolerable claim, and then they can't detain him, is that – Well, that is his position. However, it's the government's position that there is no way to make that distinction. That this – this is a fundamental element of removability, and it's inexcusable. That's not the end of your right to detain him. He files – he has a right to a habeas proceeding if he makes a claim. The district court can say in 10 minutes, if it wants, that he's not – doesn't have a tolerable claim and dismiss the habeas proceeding. Your Honor – Then you can detain him. Your Honor, respectfully, he has a fundamental right to a detention proceeding in immigration court to determine that issue. No, that's not a fundamental right. The fundamental right is the habeas proceeding in the – in the Article III court. And he's claiming, tolerable, not tolerable, whatever, he can – anyone can file a habeas proceeding on a – on a ground that he's a citizen. And if it has no merit, the district court will dismiss it, and then you may detain him. Well, what does the Real ID Act have to do with all of this? The Real ID Act Congress enacted to stop parallel proceedings and to streamline immigration proceedings such that there's one bite at the apple, so to speak. But it only applies where there has been a final order of removal. In our own case of Nadara Jha v. Gonzalez says this. You, in your brief, said there was no final order of removal. Therefore, the Real ID Act doesn't apply here. Well, Your Honor, at 1252b9, the statute states that it also applies to any questions of constitutional law or fact arising from any action taken or any proceeding brought to remove an alien from the United States. But the introduction to Section B, in which b9 is, says, with respect to review of an order of removal, the following requirements apply. B9 only applies when you've had an order of removal. And if that is the construction this Court wishes to apply, then I would ask the court to do so. No, this Court has applied it. Your Honor. It says it in, as Judge Nelson says, it says that specifically. And Nadara Rajad, what? 1252d1 requires aliens to exhaust administrative remedies before pursuing review in the court of appeals. And 1252g states that there's no challenge to the institution of removal proceedings. If the court adopts Mr. Flores-Torres' construction of the Real ID Act and his challenge to the proceedings, then that would render those provisions meaningless. And that is against all canons of statutory construction. I would also like to note, Your Honors, in the few moments I have left, that I agree with Judge Nelson that the remaining issues in the habeas petition are moot regarding whether he's been held for an indefinite, prolonged period of time and the due process questions. Those were rendered moot by the final proceedings that have occurred in Immigration Court. And I would also note that 1252b5, referenced by opposing counsel, states that it only applies if this Court finds that there is a question of fact. So if this Court receives the administrative record and determines that there is no question of fact, then the court has decided he will not be back before the district court for another evidentiary hearing. If the court has no further questions, Respondent Apelles respectfully requests the Court to affirm the decision of the district court. Thank you. Thank you. Thank you, Your Honor. The recent landmark United States Supreme Court in Boismedian v. Bush is very instructive in this case. In there, in that particular case, the Supreme Court reviewed whether or not to held an abeyance habeas proceedings pending an executive branch review of enemy combatant status in the combatant status review tribunals. In assessing whether an Article III court via habeas corpus could render the same determination as an executive court, the Court reiterated the fundamental protections provided by writ of habeas corpus. The Court upheld collateral review of the same issues presented to an executive tribunal by an Article III court. In a very telling quote, the United States Supreme Court quoted Justice Holmes and said that habeas corpus is a collateral process that exists to cut through all forms and go to the very tissue of the structure. Habeas comes in from the outside, not in subordination to the executive proceeding. And it is here that appellant would ask this court to come in from the outside and inquire as to the executive process. In here, appellant has not had a review over the jurisdictional element. He was never afforded a Joseph hearing. He requested one in March of 2008, and to date has never been provided a decision on whether or not he met the standard under matter of Joseph. Okay. Well, just tell me, what is it that's not moot now that it's been determined that he's not a citizen and there's a final order? Right. In matter of Joseph, the Board of Immigration Appeals provided a mechanism to challenge the jurisdictional elements of the custody provision under 1226A of the Title VIII U.S.C. And in matter of Joseph, the BIA said that the individual bears the burden of showing that the government is substantially unlikely to prevail on the merits of showing their subject to the detention statute. Here, our client requested that hearing in March of 2008, and the judge consolidated that issue with the removal proceedings. And it would be appellant's position that those proceedings are first inadequate because it places the burden on the individual, whereas the Supreme Court as well  The burden should be borne by the government, especially where citizenship rights are at stake. Schneiderman, as well as Chant, have required that the government not only carry the burden, but carry the burden of clear, convincing, and unequivocal evidence here. Thank you, Your Honor. Thank you. The case just argued is submitted for decision. We'll hear the next case, which is Conn v. City of Reno. Oh, I'm sorry. We do very much appreciate the participation of the student in our program. Thank you.
judges: Schroeder, Nelson, Reinhardt